UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD T. HEIT,

        Petitioner,              Case Number: 2:17-CV-13404
                                        HONORABLE PAUL D. BORMAN
v.

TIM DONNELLEN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

### I. INTRODUCTION

Petitioner Richard T. Heit filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting he is being held beyond the expiration of his sentence. Petitioner is incarcerated at the St. Clair County Intervention and Detention Center pursuant to a domestic violence conviction. Petitioner has not exhausted his state court remedies. Therefore, the petition will be dismissed without prejudice.

### II.

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241. Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall

summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions under habeas statutes in addition to § 2254. Rule 1(b), Rules Governing Section 2254 Cases.

A state prisoner challenging the execution of his sentence under 28 U.S.C. § 2241 must exhaust his state court remedies before filing suit in federal court. *Greene v. Tennessee Department of Corrections,* 265 F.3d 369, 371-72 (6th Cir. 2001). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015). *See also Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009) ("For a claim to be reviewable at the federal level, each claim must be presented at every stage of the state appellate process."). A petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012).

In this case, Petitioner states that he raised his claim that he is being held beyond the expiration of his sentence with the St. Clair County Intervention and Detention Facility, and that his claim was denied. Petition at 2. According to his petition, Petitioner has not sought relief in any Michigan state court. Petitioner has an available remedy in state court through which he may exhaust the claims presented in the pending petition. A Michigan state prisoner challenging his continued incarceration based upon a claim that his maximum sentence has expired may file a complaint for writ of habeas corpus in the

appropriate state circuit court. *See* Mich. Comp. Laws § 600.4301 et seq., Mich. Ct. R. 3.303; *In re: Callahan*, 348 Mich. 77 (Mich. 1957); *Baatz v. Rapelje*, No. 12-11969, 2012 WL 30000597, *1 (E.D. Mich. July 23, 2012). The denial by the circuit court of a state habeas corpus complaint may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *See Triplett v. Deputy Warden*, 142 Mich. App. 774, 779-80 (1985). Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.

Petitioner has failed to exhaust available state court remedies for his habeas claims and the petition will be dismissed without prejudice.

### III. CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus (ECF No. 1).

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's ruling. Accordingly, the Court **DENIES** a certificate of appealability.

**SO ORDERED**.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: November 8, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 8, 2017.

s/Deborah Tofil  
Case Manager